IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DWIGHT LEE MAHAN, §
    Petitioner, §
§
v. § Civil Action No. 4:20-CV-1185-O
§
BOBBY LUMPKIN, Director, TDCJ-CID, §
    Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Dwight Lee Mahan, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of TDCJ-CID, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner was indicted in Palo Pinto County, Texas, Case No. 16449, on one count of burglary of a habitation. Clerk's R. 6, ECF No. 16-7. The indictment also included two felony-enhancement paragraphs alleging two prior felony convictions for burglary of a habitation. *Id.* On March 28, 2018, Petitioner waived his right to a jury trial and entered an open plea of guilty to the offense, and, on October 10, 2018, after preparation of a presentence investigation report (PSI), the trial court found the enhancement paragraphs true, on Petitioner's pleas of true, and sentenced Petitioner to 55 years' imprisonment. *Id.* at 55. Petitioner appealed his conviction and sentence, but the state appellate court affirmed the trial court's judgment. Mem. Op. 3, ECF No. 16-1. Petitioner also sought postconviction state habeas relief by filing two state habeas-corpus applications challenging his conviction and sentence. The first was dismissed because his direct appeal was not

yet final and the second was denied by the Texas Court of Appeals without written order. Action Taken, ECF Nos. 16-13 & 16-16. All references to Petitioner's state habeas proceedings in this opinion refer to those related to the second application.

## II. ISSUES

In his federal petition, Petitioner raises four grounds for relief, alleging that

(1) he received ineffective assistance of trial counsel;
(2) his guilty plea was rendered involuntary by ineffective assistance of trial counsel;
(3) the state habeas judge abused his discretion by showing bias toward trial counsel; and
(4) he received ineffective assistance of appellate counsel.

Pet. 6-7, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has properly exhausted state remedies with respect to his cognizable claims and that the petition is neither subject to the successive-petition bar nor untimely under the federal statute of limitations. Resp't's Answer 5, ECF No. 14.

## IV. DISCUSSION

**A. Legal Standard for Granting Habeas-Corpus Relief**

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Id.* § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is

difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F. 3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). A petitioner has the burden of rebutting the presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Additionally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v. Williams,* 568 U.S. 289, 298 (2013); *Richter,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

### B. Ineffective Assistance of Trial Counsel

Under his first ground, Petitioner claims that he received ineffective assistance of trial counsel. Pet. Pet. 6, ECF No. 1. A criminal defendant has a constitutional right to the effective

assistance of counsel at trial and on his first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393–95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show that counsel's representation was deficient and that he was prejudiced by counsel's deficient representation. *Strickland*, 466 U.S. at 688. In the state sentencing context, prejudice is shown by demonstrating that absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been "significantly less harsh," taking into account "such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *Dale v. Quarterman,* 553 F.3d 876, 880 (5th Cir. 2008) (quoting *United States v. Segler,* 37 F.3d 1131, 1136 (5th Cir.1994), and *Spriggs v. Collins,* 993 F.2d 85, 88–89 (5th Cir. 1993)).

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial or appellate strategy. *Strickland,* 466 U.S. at 668, 688–89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance-of-counsel claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the *Strickland* standard in light of the state-court record. *Richter,* 562 U.S. at 100–01 (quoting *Williams,* 529 U.S. at 410); *Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Thus, a federal court's review of state-court decisions regarding ineffective

4

assistance of counsel must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 571 U.S. 12, 15 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

Petitioner asserts that his trial counsel was ineffective by failing to object to the PSI on the basis that it contained one "untrue arrest," arrest number 7, which according to Petitioner "did not belong" to him because he was in prison on the date of the arrest, and three "inadmissible prior arrests," arrests numbers 8, 9, and 10, which were either dismissed or "rejected by the prosecution"; failing to call his sister as a defense witness; and failing to disclose to Petitioner that the victim was the wife of a county commissioner, Larry Ragle. Pet. 6, ECF No. 1; Pet'r's Mem. 3–4, ECF No. 8. Petitioner raised his claims in his state habeas application and the state habeas judge, who also presided over the plea and punishment proceedings, ordered counsel to submit an affidavit addressing the claims. Suppl. SHR03[1] 63, ECF No. 16-24.

Counsel responded to Petitioner's allegations in his affidavit as follows (any spelling, grammatical, and/or punctuation errors are in the original):

> [Petitioner] was indicted on September 21, 2017 for Burglary of a Habitation which carried a range of punishment of 25–99 years due to prior felony enhancements.
>
> Discovery was voluminous in this case, including [Petitioner]'s interview with Law Enforcement. I had numerous visits with [Petitioner] in custody. Law Enforcement contacted me seeking help on locating certain stolen items which was communicated to [Petitioner]. I had several in office consultations with [Petitioner]'s sister, Rhonda, along with many phone conferences. Contrary to ]Petitioner]'s assertions that the victim was "Suzette Ragle", the offense report stated that the victim was "Suzette Hinkson Flow", a teacher in Jacksboro, Texas.

---

[1]"Suppl. SHR03" refers to the record of Petitioner's state habeas proceedings in WR-61,568-03 and filed as "SH13_WR-61,568-03 SUPP RECD WRIT 4-20-2020" in ECF No. 16-24. Because the record is not paginated, the pagination in the ECF header is used.

I attended court hearings on January 10, 2018, February 14, 2018 and the final pre-trial on March 28, 2018. After proper admonishments, [Petitioner] plead guilty on March 28, 2018 with no plea agreement. [Petitioner] wanted an offer of probation to enable him to receive drug rehabilitation which he had never been able to have. [Petitioner] rejected all prison offers given by the State. [Petitioner] was aware that a jury could not give [him] probation because of his past felony convictions.

[Petitioner's] Presentence Investigation Report (hereinafter "PSI") was received on July 3, 2018, which indicated [Petitioner] had eight convictions, some of which were run concurrently. I reviewed the PSI with [Petitioner] in preparation for the sentencing hearing set for October 10, 2018, to be tried to the Court, not a jury. My notes reflected that [Petitioner] stated the PSI was accurate. The complained of arrests being arrest numbers 8, 9, and 10 of the PSI clearly indicated that these cases were either dismissed or rejected. I reviewed the various Pen Packets sent by the State in discovery which indicated all convictions were indeed the [Petitioner].

The PSI appeared to be in compliance with Tex. Code. Crim. Proc. 42A.253. The Court of Criminal Appeals has approved the inclusion of arrest records in presentence reports. See McNeese V. State, 468 S.W.2d 800 (Tex. Crim. App. 1971). There was no indication from the Court that it considered Arrests numbers 8, 9, or 10. Trial strategy dictated that it was better not to have the Court focus on arrests that were accurately disposed of as indicated on the face of the PSI. Evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. Tex. Code. Crim. Proc. Ann. Art, 37.07 Sec. 3(a)(1).

After being advised that [Petitioner] did not have to testify, [Petitioner] did testify asking the Court to place him on deferred adjudication probation because of his health, age, and ability to be a productive citizen with rehab help. The focus was on length of time he had been clean up to the current conviction. [Petitioner]'s sister was not called to testify as [Petitioner] had already testified that she knew nothing about his prior criminal record, his current case, or his day to day living. However, she was pointed out in Court that she was where [Petitioner] would be going to live with and would help him if Court gave probation to [Petitioner]. Her testimony would have been cumulative testimony.

I thoroughly investigated this difficult case and communicated all information to [Petitioner]. I believe I did adequately advise [Petitioner] at all stages of the case.

*Id.* at 65–67.

Based on the record, Petitioner's application, and counsel's affidavit, the state habeas court expressly found that trial counsel was not ineffective. *Id.* at 91. In turn, the Texas Court of Criminal

6

Appeals denied relief without written order. Action Taken, ECF No. 16-16. To the extent more particularized findings and conclusions of law were not made, this Court will infer fact findings consistent with the state courts' denial of relief and, absent any evidence that incorrect standards were applied, assume that the state courts applied the *Strickland* standard when considering the claims.

Having done so, the state courts' application of *Strickland* was not objectively unreasonable under the doubly-deferential stardard. Assuming the state habeas court found counsel's affidavit credible, counsel reviewed the same PSI relied upon by the trial court with Petitioner and believed the PSI was both compliant with state law and accurate based on Petitioner's affirmation that it was accurate. And, although Petitioner may have been confined on the arrest date of arrest number 7, as noted by Respondent, the PSI does not indicate the date of the alleged offense, thus rendering irrelevant Petitioner's argument that the arrest "did not belong to him." Resp't's Answer 14, ECF No. 14. It was also clear from the face of the PSI that arrests 8, 9, and 10 were either dismissed or rejected and the arrests were subject to inclusion in the PSI as a matter of state law. Suppl. SHR03 44–46, ECF No. 16-24. Counsel is not required to make frivolous objections. *See Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002).

Further, as explained by counsel, Petitioner's sister's testimony would have been cumulative to Petitioner's own testimony that she would provide him with support and a place to live if he were given probation and sent to a drug treatment program. Reporter's R., vol. 3, 57–59, ECF No. 16-10. And, even assuming his sister is "a pillar of society" as alleged by Petitioner, it is apparent from her affidavit that her testimony could have contributed little else, if anything, that would have resulted in Petitioner receiving a more lenient sentence. Pet'r's Mem. 17, ECF No. 8; Suppl. SHR03 41, ECF

No. 16-24. Therefore, counsel's strategic decision not to call her as character witness was a sound one. *See Green v. Cockrell,* 678 F. App'x 248, 2003 WL 21145722, at *2 (5th Cir. 2003) (providing "[a] strategic or tactical decision not to call particular witnesses does not constitute ineffective assistance").

Additionally, nothing in the record suggests that counsel was aware that the victim was the wife of a county commissioner or that the presence of the county commissioner in court had any influence whatsoever on the trial court's assessment of his punishment. Conclusory allegations are insufficient to establish ineffective assistance of counsel. *Green v. Johnson,* 160 F.3d 1029, 1042 (5th Cir. 1998).

Finally, even if Petitioner could demonstrate ineffective assistance of counsel in one or more of these respects, which he has not, having reviewed the record in its entirety, he could not possibly establish prejudice–*i.e.,* that but for counsel's omissions there is a reasonable probability that his 55-year sentence would have been significantly less harsh, given the maximum sentence that he faced, his admitted lengthy criminal history dating back to 1983, and recurring methamphetamine use and addiction after each prior release from prison.

**C. Involuntary Guilty Plea**

Under his second ground, Petitioner claims that his guilty plea was rendered involuntary based on counsel's omissions noted above. In a challenge to a guilty plea based on ineffective assistance of counsel, a petitioner must demonstrate deficient representation by counsel and a reasonable probability that, but for counsel's deficient representation, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Petitioner raised this claim in conjunction with his ineffective-assistance-of-trial-counsel

claims in his state habeas application, but the state habeas court entered no express findings on the issue. Under these circumstances, this Court will imply fact findings consistent with the state courts' denial of relief and, absent any evidence that incorrect standards were applied, assume that the state courts applied the *Strickland* standard when considering the claim.

Having done so, the state courts' determination is not objectively unreasonable under the doubly-deferential standard. Petitioner failed to satisfy both prongs of the test. For the reasons previously stated he failed to show deficient performance. And, during sentencing, the state introduced testimony from the victim and the investigating officer as well as documentary proof that the victim's home had been broken into and ransacked and that certain items were stolen, that Petitioner's "vehicle . . . was a suspect" in another burglary in the area, and that Petitioner pawned some of the victim's stolen property. Therefore, there was evidence to support a burglary conviction. Moreover, Petitioner rejected all prison offers from the state and clearly sought deferred adjudication probation, instead of another prison sentence. The only way to achieve that result was to have the trial court assess his punishment. Under these circumstances, it is highly improbable that, but for counsel's actions, Petitioner would not have pleaded guilty and instead would have insisted on going to trial or that going to trial would have given him a reasonable chance of obtaining a more favorable result. *See United States v. Batamula,* 823 F.3d 237, 240 (5th Cir. 2016).

### D. Judicial Abuse of Discretion

Under his third ground, Petitioner claims that the state habeas judge displayed bias toward his trial counsel

> by unsuccessfully attempting to have Petitioner's writ dismisses [sic] as successive. Then he argued that there were no issues of material [fact] which needed to be resolved. This new claim contradicted his previous decision.

9

Pet. 7, ECF No. 1.

Respondent correctly asserts that this claim is not cognizable on federal habeas review. Resp't's Answer 8, ECF No. 14. Contrary to Petitioner's assertion that he has a "vested right" to "adequately utilize the writ of habeas corpus," a state has no constitutional duty to provide postconviction remedies. Pet'r's Reply1–3, ECF No. 20; *Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir. 1987). And, even if there is error in the state habeas proceedings, it does not entitle a petitioner to federal habeas relief because such a claim "is an attack on a proceeding collateral to the detention and not the detention itself." *Millard,* 810 F.2d at 1410. Accordingly, a federal court cannot grant habeas-corpus relief to correct alleged infirmities in state habeas proceedings. *See, e.g., Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999) (stating "our circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief"); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) (providing "infirmities in state habeas proceedings do not constitute grounds for relief in federal court").

### E. Ineffective Assistance of Appellate Counsel

Under his fourth ground, Petitioner claims that he received ineffective assistance of appellate counsel because counsel, who filed an *Anders* brief, failed to detect and raise his ineffective-assistance-of-trial-counsel claims on direct appeal. Pet. 7, ECF No. 1. To demonstrate ineffective assistance of counsel based on his appellate counsel's failure to file a merits brief, a petitioner must show that his counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and that "but for his counsel's unreasonable failure to file a merits brief, he would have

prevailed on his appeal." *Smith v. Robbins,* 528 U.S. 259, 285 (2000).

In the state habeas proceedings appellate counsel was also ordered to file an affidavit, in which counsel addressed Petitioner's allegation as follows (any spelling, grammatical, and/or punctuation errors are in the original):

> On January 14, 2019, Counsel filed an *Anders* brief and motion to withdraw after careful review of the record in this case finding no meritorious basis for appeal under the guidance of *Anders v. California,* 386 U.S. 738 (1967).
>
> On June 13, 2019 after reviewing Counsel's brief, [Petitioner]'s *pro se* response, the Eleventh Court of Appeals affirmed the judgment and granted Counsel's motion to withdraw. The Court of Appeals independently reviewed the record and agreed with counsel that no arguable grounds for appeal exist.
>
> [Petitioner] alleges . . . that Counsel was ineffective for filing an *Anders* brief on appeal and failing to allege his trial counsel was ineffective for failing to object to issues relating to [Petitioner]'s pre-sentence investigation (PSI) report used at his sentencing, and that his trial counsel was ineffective for abandoning his trial strategy of asking for leniency in sentencing.
>
> In reviewing the record, and personally meeting with [Petitioner] prior to filing the *Anders* brief, Counsel was not aware of the objections to or corrections to the PSI report alleged by [Petitioner]. Counsel could not raise issues on direct appeal that were not raised or preserved in the trial court proceedings.
>
> In reviewing the record, and personally meeting with [Petitioner] prior to filing the *Anders* brief, Counsel was not aware of any material testimony that could be provided by the [Petitioner]'s "sister" that, in addition to [Petitioner]'s testimony, would have affected the trial court's judgment or render [Petitioner]'s trial counsel ineffective in not calling her as a witness. Counsel could not raise issues on direct appeal that were not raised or preserved in the trial court proceedings.

Suppl. SHR03 68–70, ECF No. 16-24.

Based on the record, Petitioner's application, and counsel's affidavit, the state habeas court expressly found that appellate counsel was not ineffective. *Id.* at 63. In turn, the Texas Court of Criminal Appeals denied relief without written order. Action Taken, ECF No. 16-16. To the extent more particularized findings and conclusions of law were not made, this Court will infer fact

findings consistent with the state courts's denial of relief and, absent any evidence that incorrect standards were applied, assume that the state courts applied the *Strickland* standard when considering the claims.

Having done so, the state courts' application of *Strickland* was not objectively unreasonable under the doubly-deferential standard. Petitioner has not identified any meritorious ineffective-assistance-of-trial-counsel claims which a reasonably competent attorney would have found nonfrivolous and would have raised on appeal or upon which he was likely to prevail on appeal. Appellate counsel is not ineffective in failing to advance meritless claims. *See Mayabb v. Johnson,* 168 F.3d 863, 869 (5th Cir. 1999). Additionally, except in rare instances, and as acknowledged by Petitioner, the proper procedural vehicle to pursue a claim of ineffective assistance of counsel in Texas is by state application for writ of habeas corpus, and not on direct appeal. Pet'r's Mem. 19, ECF No. 8; *Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th day of July, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE